# EXHIBIT "A"



**Your Missouri Courts**

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print | Logon |

**17SL-AC19767 - VALERIE DAVIS SHAW V ATLANTIC CREDIT & FINANCE, IN (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending  ○ Ascending     Display Options: All Entries

---

**08/14/2017**  **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
  **Filed By:** MAYER SIMCHA KLEIN
  **On Behalf Of:** ATLANTIC CREDIT & FINANCE, INC.

**08/03/2017**  **Corporation Served**
Document ID - 17-ASOS-949; Served To - ATLANTIC CREDIT & FINANCE, INC.; Server - ; Served Date - 02-AUG-17; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**08/02/2017**  **Notice of Service**
Summons Returned Executed.
  **Filed By:** NATHAN STURYCZ
  **On Behalf Of:** VALERIE DAVIS SHAW

**07/31/2017**  **Summons Issued-Associate**
Document ID: 17-ASOS-949, for ATLANTIC CREDIT & FINANCE, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.
  **Hearing Scheduled**
  **Scheduled For:** 09/19/2017;  9:00 AM ;  JUDY PREDDY DRAPER;  St Louis County

**07/24/2017**  **Summ Req-Assc Pers Serv**
**Filing Info Sheet eFiling**
  **Filed By:** NATHAN STURYCZ
**Pet Filed in Associate Ct**
Davis Shaw, Valerie Petition; Exhibit A; Davis Shaw Case Filing Information Sheet; Davis Shaw Request for Appointment of Process Server.
  **On Behalf Of:** VALERIE DAVIS SHAW
**Judge Assigned**
41T

---

Case.net Version 5.13.16.6            Return to Top of Page            Released 06/08/2017



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JUDY PREDDY DRAPER | Case Number: 17SL-AC19767 |
|---|---|
| Plaintiff/Petitioner:<br>VALERIE DAVIS SHAW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>NATHAN STURYCZ<br>SUITE 11<br>100 NORTH MAIN<br>EDWARDSVILLE, IL  62025<br>(877) 314-3223 |
| Defendant/Respondent:<br>ATLANTIC CREDIT & FINANCE, INC. | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>19-SEP-2017 09:00 AM<br>RM. 287 NORTH, DIV 41T<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to:   ATLANTIC CREDIT & FINANCE, INC.
                                   Alias:
ILLINOIS CORPORATION SERVICE
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL  62703

COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached.  If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

_____07/31/2017_____     _____
                    Date                                                              Clerk

Further Information:
SMB

### Officer's or Server's Affidavit of Service

Note to serving officer:  Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

8/2/17

OSCA (7-09) SM70 (ASOS) *For Court Use Only:* Doc ID# 17-ASOS-949   1 of 3   (17SL-AC19767)   Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510, 517.041 RSMo

|  | **Subscribed and Sworn to** before me this _____ (date). |
|---|---|
|  | I am: (check one) ☐ the clerk of the court of which affiant is an officer. |
|  | ☐ the judge of the court of which affiant is an officer. |
| *(Seal)* | ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer) |
|  | ☐ authorized to administer oaths. (use for court-appointed server) |
|  | _____ |
|  | Signature and Title |

**Summons Fees, if applicable**
Summons    $ _____
Non Est    $ _____
Mileage    $ _____ (_____ miles @ $ _____ per mile)
Total      $ _____

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only on the conditions set out in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the motion and/or petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion and/or petition may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff/Petitioner has no attorney, Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate field in the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| VALERIE DAVIS SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| vs. ) | |
| ) | Div. |
| ATLANTIC CREDIT & FINANCE, INC., ) | |
| ) | |
| Serve at: ) | |
| Illinois Corporation Service ) | JURY TRIAL DEMANDED |
| 801 Adlai Stevenson Drive ) | |
| Springfield, IL 62703 ) | |
| ) | |
| Defendant. | |

## PETITION

Plaintiff Valerie Davis Shaw, through counsel, brings this Petition against Defendant Atlantic Credit & Finance, Inc., to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") as well as Missouri law, and states:

### JURISDICTION AND VENUE

1. This Court may exercise personal jurisdiction over Defendant for the reason that it regularly transacts debt collection business in Missouri, and the complained of herein occurred in Missouri or was otherwise directed toward Plaintiff in Missouri, satisfying Missouri's long-arm statute, Mo. Rev. Stat. § 506.500.

2. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. Mo. Const. Art. V § 14.

3. This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this County pursuant to Mo. Rev. Stat. § 508.010.

## PARTIES

5. Plaintiff, Valerie Davis Shaw, is a natural person residing within St. Louis, Missouri from whom Defendant attempted to collect an alleged debt. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

6. Defendant Atlantic Credit & Finance, Inc. ("ACF") is a Virginia corporation with an office at 4423 Pheasant Ridge Rd, #200, Roanoke, VA 24014.

7. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions. Specifically, the alleged debt originated from personal purchases charged to a credit card account.

8. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses instrumentalities of interstate commerce for the principal purpose of collection of delinquent consumer debts.

9. The principal business purpose of Defendant is the collect of debts in Missouri and elsewhere in the United States, and Defendant regularly attempts to collect debt alleged to be due another.

## FACTUAL ALLEGATIONS

10. Within the past 12 months but prior about January 25, 2017, Defendant took multiple actions attempting to collect an alleged debt from Plaintiff.

11. Specifically, Defendant made multiple calls to Plaintiff.

12. Defendant called Plaintiff as frequently as about 3 times each day.

13. During one phone conversation during this time period, Defendant represented to Plaintiff that they "were at Plaintiff's front door.

14. Defendant also represented that it needed to serve legal documents upon Plaintiff.

15. During such phone calls between Plaintiff and Defendant, Plaintiff asked Defendant to mail copies of the legal documents that Defendant said needed to be served upon Plaintiff; but Defendant did not send such documents.

16. Defendant also contacted Plaintiff's employer and revealed the existence of the alleged debt by sending faxes to Plaintiff's employer.

17. At the time Defendant revealed the existence of the alleged debt to Plaintiff's employer, the requisite paperwork had not been filed with any court to effectuate any garnishment through which Defendant could lawfully collect the alleged debt from Plaintiff.

18. Rather, Defendant's contact with Plaintiff's employer was a brazen attempt to harass Plaintiff into paying Defendant the amount of the alleged debt.

19. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate with any person other than the consumer, aside from exceptions that do not apply in this case.

20. 15 U.S.C. § 1692d prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

22. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

23. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

24. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable meant to collect or attempt to collect any debt.

25. Plaintiff never entered into any agreement consenting to arbitrate disputes between herself and Defendant or waiving her right to a trial by jury.

26. All of Defendant's actions complained of herein occurred within one year of the date of this Petition.

27. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

28. Defendant's conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered shame, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

29. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

30. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS

89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

32. Plaintiff's injury-in-fact is fairly traceable to the challenged conduct of Defendant.

33. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision against Defendant in this Court.

34. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000) (citing *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)).

<u>**COUNT I: VIOLATION OF THE FDCPA**</u>

35. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

36. In its attempts to collect the alleged debt from Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 *et. seq*, including but not limited to the following:

   a. Communicating with persons other than Plaintiff in connection with the alleged debt and revealing the existence of the alleged debt the Defendant claimed that Plaintiff owed, in violation of 15 U.S.C. § 1692c(a)(2); and

   b. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt, including representing to Plaintiff one of Defendant's agent/employees was at Plaintiff's front door and had legal documents to serve upon her when this was untrue, in violation of 15 U.S.C. §§ 1692d, 1692e & (10), & 1692f.

37. Each of Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

## COUNT II: VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

38. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

39. The Missouri Supreme Court has declared that conduct, as Defendants' conduct here, performed in the collection context occurs "in connection with" with the sale of merchandise such that the MMPA applies to the is case. *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 413 (Mo. banc 2014).

40. Defendants used deception, false pretenses, and unfair business practices in communicating with persons other than Plaintiff in connection with the alleged debt and revealing the existence of the alleged debt the Defendant claimed that Plaintiff owed Defendants used unfair business practices by communicating with Plaintiff when Plaintiff was known to be represented by an attorney without attempting to contact the attorney and without the attorney's consent.

41. Defendants used deception, false pretenses, false demands, misrepresentation, factual omissions, and unfair business practices, including representing to Plaintiff one of

Defendant's agent/employees was at Plaintiff's front door and had legal documents to serve upon her when this was untrue.

42. Defendants knew or should have known that its conduct toward Plaintiff was unfair, abusive, and oppressive.

43. Defendant's above-described actions were made "in connection with" the original alleged sale for purposes of the MMPA because those actions sought to enforce the original terms. *See Conway*, 438 S.W.3d at 415.

44. Plaintiff would never obtain any credit account, much less the alleged debt at issue, if he had known Defendant would conduct themselves as described herein regarding such account.

45. Defendant's above-described conduct caused Plaintiff an ascertainable loss of including but not limited to the loss of money and time by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

46. Defendant's actions were outrageous, wanton, willful, and in deliberate disregard of Plaintiff's rights and merit punishment.

47. Defendant's violation of MMPA renders it liable for actual damages, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff on all Counts and:

    A. Find that Defendant's debt collection actions violated the FDCPA;

    B. Find that Defendants' actions violated the MMPA;

    C. Enter judgment in favor of Plaintiff, and against Defendant, for all available damages, including statutory damages of $1,000, actual damages in an amount to be determined at trial, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

D. Enter judgment in favor of Plaintiff, and against Defendant, for all available damages permitted by MMPA, including actual, punitive damages pursuant to Mo. Rev. Stat. § 407.025(1) in the largest amount allowed by law, costs, and reasonable attorneys' fees pursuant to Mo. Rev. Stat. § 407.025(1);

E. Award Plaintiff pre- and post- judgment interest as permitted by law; and,

F. Grant such further relief in Plaintiff's favor as deemed proper and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all Counts so triable.

DATED: July 24, 2017                                Respectfully Submitted,

**STURYCZ LAW GROUP LLC**

By:   /s/ Nathan D. Sturycz
      Nathan D. Sturycz, #61744
      100 N. Main, Suite 11
      Edwardsville, IL  62025
      Phone: 877-314-3223
      Fax: 314-667-2733
      nathan@sturyczlaw.com
      *Attorney for Plaintiff*

**17SL-AC19767**

Electronically Filed - St Louis County - July 24, 2017 - 10:57 AM

In the
# CIRCUIT COURT
Of St. Louis County, Missouri

Valerie Davis Shaw
Plaintiff/Petitioner

vs.

Atlantic Credit & Finance, Inc.
Defendant/Respondent

July 24, 2017
Date

Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Valerie Davis Shaw , pursuant
                Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| John Pennell | 40 Hickory Point, Springfield, IL 62712 | 217-241-1335 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address or in the Alternative | Telephone |
| | | |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
Atlantic Credit & Finance, Inc. C/o Illinois Corporation Service
Name
801 Adlai Stevenson Drive
Address
Springfield, IL 62703
City/State/Zip

**SERVE:**
Name
Address
City/State/Zip

**SERVE:**
Name
Address
City/State/Zip

**SERVE:**
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By __/s/Stacy Berding__
Deputy Clerk
07/31/2017
Date

/s/ Nathan D. Sturycz
Signature of Attorney/Plaintiff/Petitioner
61744
Bar No.
100 N. Main Street, Suite 11, Edwardsville, IL 62025
Address
(877) 314-3223
Phone No.                                    Fax No.

CCADM62-WS   Rev. 08/16

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.con . (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS    Rev: 08/16

17SL-AC19767

Electronically Filed - St Louis County - July 24, 2017 - 10:57 AM

# EXHIBIT A

Case: 4:17-cv-02351-JCH   Doc. #: 1-1   Filed: 09/01/17   Page: 17 of 17 PageID #: 20
7/18/2017                             Committed to Treating Each Consumer with Integrity and Honesty

Electronically Filed - St Louis County - July 24, 2017 - 10:57 AM

# ABOUT US

Established in 1996 and headquartered in Roanoke, Virginia, with a branch location in St. Cloud, Minnesota, Atlantic Credit & Finance is a leading servicer of unsecured, consumer-distressed assets.

For individual consumers, Atlantic Credit & Finance is committed to treating each person with integrity and honesty as they work to understand the consumer's problem and find a workable solution.

   (boysandgirlsclubs.html)

Consumer Questions:

Please call (866) 397-4100 and ask to speak with an Atlantic Credit & Finance consumer service representative who will be happy to assist you with any questions or concerns. This communication is from/with a debt collector.

Memberships/Organizations (memberships.html)

© 2015 Atlantic Credit & Finance, Inc. All Rights Reserved. | Subsidiary of Encore Capital Group, Inc. (https://www.encorecapital.com/)

   (https://rmassociation.org/consumers/)     Privacy Policy (privacy.html)